IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKEY HARMON,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12–cv–0021–MJR–SCW ) |
| **CYNTHIA JORDAN, OLU OBADINA, SARAH FARRIS, NURSE JOYCE, NURSE GALE, and NURSE MELVIN,** | ) ) ) ) |
| Defendant(s). | ) ) |

# ORDER

**REAGAN, District Judge:**

*Pro se* Plaintiff Rickey Harmon, who now resides at Illinois' Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishments. According to his complaint, Harmon (who at the time was incarcerated at Pinckneyville Correctional Center) ended a hunger strike in late August 2009. Two days later, while throwing up blood and clear fluids, he informed a correctional officer he needed medical treatment, but that officer's superior (Defendant Jordan) responded to Harmon's pleas by jeering "Fuck Harmon that's what his ass gets for going on hunger strike." The complaint alleges a series of further incidents where Defendants — various members of Pinckneyville's medical and correctional staff — ignored both Harmon's gastrointestinal problems and head injuries he sustained when those problems caused him to blackout and hit his head on a toilet.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b)**. To state an Eighth Amendment deliberate indifference claim, a plaintiff must allege that he had an objectively serious medical need, and that a defendant was aware of that need but deliberately indifferent to it. *See King v. Kramer,* **680 F.3d 1013, 1018 (7th Cir. 2012).** Accepting Plaintiff's allegations as true, and construing his complaint liberally, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Jordan, Farris, Obadina, Joyce, and Gale for acting with deliberate indifference to Harmon's gastrointestinal problems (Count 1). Plaintiff has also articulated a colorable federal cause of action against all six defendants (the five named in Count 1, plus Defendant Melvin) for acting with deliberate indifference to Harmon's resulting head injury (Count 2).

## DISPOSITION

The Clerk of Court shall prepare for Defendants Jordan, Obadina, Farris, Joyce, Gale, and Melvin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATE: <u>August 9, 2012</u>**     /s/ *Michael J. Reagan*
                                                       **MICHAEL J. REAGAN**
                                                     United States District Judge