IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12–cv–0021–MJR–SCW |
| ) | |
| CYNTHIA JORDAN, SARAH FARRIS, ) | |
| NURSE JOYCE, NURSE GALE, and ) | |
| NURSE MELVIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Pursuant to 42 U.S.C. § 1983, Plaintiff Rickey Harmon brought this action for deprivations of his constitutional rights that allegedly occurred at Illinois' Pickneyville Correctional Center. Plaintiff sued on January 9, 2012, alleging that the Defendants violated his Eighth Amendment rights by acting with deliberate indifference to serious medical needs he suffered coming off a hunger strike. Two motions are before the Court: a Motion to Dismiss (Doc. 46) filed by Defendants Farris, Gale, Joyce, and Melvin, and a Motion for Summary Judgment (Doc. 49). Both motions are premised on the assertion that this suit is barred by the statute of limitations.

LEGAL STANDARDS

**1. Motion to Dismiss; Motion for Summary Judgment**

Though the instant motions are brought via separate procedural standards, the underlying inquiry is the same: whether the Defendants can show there are no material issues of fact to be resolved.

In moving to dismiss, Defendants Farris, Gale, Joyce and Melvin fail to invoke any provision of law or Rule of Civil Procedure. While complaints are not required to anticipate affirmative

1

defenses, a statute of limitations defense may be raised in a Rule 12(b)(6) motion to dismiss if the allegations of the complaint set forth everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Technically the motion is properly a Rule 12(c) motion for judgment on the pleadings, but there is no practical difference. *Brooks*, 578 F.3d at 579. The standards for 12(b)(6) motions and 12(c) motions are identical. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012).

A written instrument attached to a pleading to help assert a plaintiff's claim (for example, the affidavits and grievances Plaintiff attaches to his Complaint) become part of that pleading for all purposes. FED. R. CIV. P. 10(c); *Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013) (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998)). At the pleading stage, a court must take the factual allegations of a plaintiff's complaint as true, granting the plaintiff the benefit of every reasonable inference that may be drawn from those allegations. *Williamson*, 714 F.3d at 435 (citing *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013)).

Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes*, 670 F.3d at 813 (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). The moving party must demonstrate there are no material issues of fact to be resolved before such a motion will be granted. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Summary judgment, on the other hand, is controlled by Federal Rule of Civil Procedure 56. Summary judgment is proper only if the admissible evidence considered as a whole shows the movant is entitled to judgment as a matter of law and there is no genuine dispute as to any material fact. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED.

**R. CIV. P. 56).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).** In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** The Court's role is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**.

### 2. Statute of Limitations

Neither 42 U.S.C. § 1983 nor its companion 42 U.S.C. § 1988 contains a statute of limitations. *Malone v. Corr. Corp. of Am.*, **553 F.3d 540, 542 (7th Cir. 2009).** Federal courts use the periods of limitations adopted by the states for personal injury suits. *Id.* **(citing** *Wilson v. Garcia*, **471 U.S. 261 (1985)).** Illinois has a two year statute of limitations, which thus becomes the applicable statute of limitations for § 1983 claims arising in Illinois. *Kalimara v. Illinois Dep't of Corr.*, **879 F.2d 276, 277 (7th Cir. 1989)**. Federal courts also borrow the forum state's tolling principles. *Malone*, **553 F.3d at 542;** *Smith v. City of Chi. Heights*, **951 F.2d 834, 839–40 (7th Cir. 1992)**.

Illinois requires tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." **735 ILCS 5/13-216**. In cases filed by prisoners in Illinois, such a statutory prohibition exists: the Prisoner Litigation Reform Act ("PLRA") provides "no action shall be brought [under federal law] with respect to prison conditions … by a prisoner…until such administrative remedies as are available are exhausted**." 42 U.S.C. § 1997e(a)**. In other words, the statute of limitations in § 1983 prisoner lawsuits is tolled while an inmate exhausts the administrative grievance process. *Klebanowski v. Sheahan*, **540 F.3d 633, 639 (7th**

Cir. 2008); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Tolling starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007) (time that passed between the plaintiff's injury and the when he filed his grievance were not part of the tolling period; rather, the tolling period began the day he filed his grievance).

## FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges unconstitutionally deficient medical treatment he received after experiencing post-hunger strike nausea and dizziness starting August 21, 2009. He broadly alleges that Defendant Jordan failed to send him to the infirmary despite his symptoms, and that Defendant Farris should have been monitoring him (because he just came off hunger strike) but ignored him instead. Plaintiff alleges he subsequently passed out and hit his head against the toilet in his cell. Although he was then taken to health care, Doctor Obadina did not refer him to an outside hospital, but instead returned him to his cell. Plaintiff continued to experience head pain, nausea, dizziness and periods of unconsciousness, to which Defendant Jordan (and, joining her, Defendant Joyce) again acted with deliberate indifference.

Two days later, on August 23, 2009, Plaintiff tried to get Defendant Melvin to treat him, but she told Plaintiff he had to put in a sick call slip. Officials took Plaintiff to an outside hospital on August 24, 2009, and an unnamed doctor diagnosed him with a concussion. Plaintiff was returned to Pickneyville and spent the night of August 24–25 in the health care unit. Defendants Gale and Obadina released him from the healthcare unit on August 25 and, Plaintiff alleges, provided follow-up care that was so inadequate as to constitute deliberate indifference. Plaintiff does not allege any deliberate indifference occurred after August 25, 2009.

Plaintiff's Complaint was signed and notarized on December 28, 2011, and filed with the Court on January 9, 2012—well over two years after the events described in the Complaint. Perhaps

4

in anticipation of a statute of limitations defense, Plaintiff included two affidavits with the Complaint. In the first, he swears he did not file this case on time because of frequent memory loss. In the second, Plaintiff attests he filed an administrative grievance at Pinckneyville on August 28, 2009, but never received a response. (Doc. 1-1, 33. A copy of that grievance can be found at Doc. 1-1, 2–11). Plaintiff further swears that—due to his transfer from Pinckneyville to Lawrence Correctional Center on October 8, 2009, and not expecting his Pinckneyville grievance to be forwarded to Lawrence—he submitted the same grievance directly to Illinois' Administrative Review Board ("ARB"), which hears appeals of prisoner grievances. According to ARB correspondence attached to the Complaint, the ARB received Harmon's grievance on October 16, 2009. (Doc. 1-1, 12). The ARB rejected Plaintiff's grievance on January 5, 2010; Plaintiff swears he received the rejection on January 8, 2010.

## ANALYSIS

Because Plaintiff's August 28, 2009 grievance tolled the statute of limitations until January 8, 2010, his complaint was timely filed. Before a short analysis, two other legal principles deserve mention, since they are implicated here. First, the tolling calculation below depends in part on the "prisoner mailbox rule." That rule holds that certain pleadings submitted by persons reliant on a penal institution to mail court papers are considered filed when properly deposited in the prison mail system. **See, e.g., Houston v. Lack, 487 U.S. 266 (1988); United States v. Craig, 368 F.3d 738, 740 (7th Cir. 2004); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001); Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000).** Although the mailbox rule has only been held by the Court of Appeals to apply to notices of appeal, habeas petitions, and Rule 59(e) motions, the undersigned Judge has liberally applied it to other prisoner filings, and does so here.

Second, the statute of limitations argument advanced by Defendants is the latest in what has become a trend of meritless arguments that fail to account for the tolling that occurs when a

5

prisoner files a grievance. *See, e.g.*, *Jackson v. Schnicker*, No. 10–cv–0068–JPG, 2011 WL 4861432, at *2 (S.D. Ill. Sept. 12, 2011); *Moore v. Feinerman*, No. 11–cv–0364–GPM, 2012 WL 638776, at *1 (S.D. Ill. Feb. 27, 2012). The instant Motion to Dismiss filed by Defendants Farris, Gale, Joyce and Melvin is premised on the simplistic idea that, since Plaintiff's claims accrued in late August 2009 and he did not sue until January 2012 (or, applying the mailbox rule, late December 2011), his suit is untimely. Defense counsel in prisoner litigation tend to be repeat players, working for either the state attorney general's office or for the private companies that provide contracted medical services. The tolling of a prisoner's statute of limitations is a well-established legal principle that should be accounted for every time an institutional defendant raises a statute of limitations defense—especially where, as here, the plaintiff attaches so much grievance material to the complaint. The obvious frivolity of the motion to dismiss prompts the undersigned to exercise its discretion and—even though Plaintiff failed to respond to the motion[1]—decline to consider Plaintiff's failure to respond an admission of the motion's merits. *See* **SDIL-LR 7.1(c) ("Failure to timely file a response to a motion *may*, in the Court's discretion, be considered an admission of the merits of the motion.")(emphasis added).**

The record, viewed as it must be in light most favorable to Plaintiff, shows he began the administrative grievance process on August 28, 2009, at Pinckneyville—three days after the alleged deliberate indifference by Defendants ceased.[2] That grievance process did not end until January 8, 2010, when the ARB rejected a copy of the same grievance Plaintiff had submitted directly from Lawrence. Subtracting the three days (August 25, 26, and 27) in which Plaintiff did not grieve his

---

[1] Plaintiff did, however, squarely respond to the instant motion for summary judgment.

[2] Defendant Jordan asserts that Plaintiff's response brief, in which he argues he "filed the grievance dated August 28, 2009 in October 2009," means tolling did not begin until October 2009. But Plaintiff's brief is consistent with his earlier sworn statement that he filed the same grievance *both* in August 2009 and in October 2009.

injury, the statute of limitations was tolled until January 5, 2010. *Hatch v. Briley*, **230 F. App'x at 599.** Though the Court did not receive Plaintiff's Complaint until January 9, 2012, the notarized certificate of service attached to his Complaint indicates Plaintiff put it in the Lawrence mailbox on December 28, 2011. (Doc. 1, 14). Applying the prisoner mailbox rule, Plaintiff filed suit a week before the statute of limitations expired. *See Houston*, **487 U.S. at 271 ("[T]he *pro se* prisoner has no choice but to entrust the forwarding of his [pleading] to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped 'filed' on time.").**

Defendants are not entitled to judgment in their favor, and their respective motions will be denied.

## CONCLUSION

The statute of limitations was tolled while Plaintiff exhausted his administrative remedies, and—taking into account that tolling period and the prisoner mailbox rule—Plaintiff's Complaint was timely filed. Defendants' Motions to Dismiss (**Doc. 46**) and for Summary Judgment (**Doc. 49**) are each **DENIED**.

Still pending are Plaintiff's Motion to Appoint Counsel (Doc. 60) and his Motion for Protective Order (Doc. 61). The case remains set for a jury trial on October 20, 2014. This order suffices to update Plaintiff on the status of the case, so Plaintiff's Motion for Status (**Doc. 57**) is **DENIED as MOOT**.

**IT IS SO ORDERED**.
DATED: <u>August 15, 2013</u>                              s/ *Michael J. Reagan*
                                                                          **MICHAEL J. REAGAN**
                                                                          United States District Judge

7